UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DEAN BALLARD,<br><br>　　　　　　　　　　Plaintiff<br><br>　　v.<br><br>STATE OF NEVADA et al.,<br><br>　　　　　　　　　　Defendants | Case No.  3:21-cv-00460-RCJ-WGC<br><br>ORDER |

**I.　　DISCUSSION**

　　Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted both a civil rights complaint pursuant to 42 U.S.C. § 1983 and a petition for writ of habeas corpus in this action. (ECF Nos. 4-1, 6).  Plaintiff cannot pursue both types of claims in the same case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").  Plaintiff may pursue either his § 1983 complaint <u>or</u> his habeas petition in this case but not both. He may file the other action in a separate case.

　　By Tuesday, December 28, 2021, Plaintiff will file a notice with the Court indicating whether he: (1) wishes to pursue his § 1983 civil rights complaint (ECF No. 4-1) and strike his habeas related filings (ECF Nos. 6, 7, 8, 9, 10, 11) in this case; <u>or</u> (2) strike his § 1983 civil rights complaint (ECF No. 4-1) and pursue his habeas related filings in this case.  If Plaintiff does not designate one of these options, the Court will dismiss the entire case without prejudice because Plaintiff cannot proceed simultaneously on both his § 1983

complaint and habeas petition in the same case.

Additionally, Plaintiff must file a fully complete application to proceed *in forma pauperis* on this Court's approved form and submit the required attachments by Tuesday December 28, 2021 or face possible dismissal of this action. (*See* ECF No. 3). Although Plaintiff filed the first three pages of his application to proceed *in forma pauperis* on this Court's approved form, he has not filed a financial certificate on this Court's approved form—page 4 of the application—and has not submitted an inmate account statement for the past six months. (*See* ECF Nos. 4, 5). As such, Plaintiff has yet to file a fully complete application to proceed *in forma pauperis*.

## II.   CONCLUSION

It is therefore ordered that, by Tuesday, December 28, 2021, Plaintiff will file both a financial certificate on this Court's approved form and an inmate account statement for the past six months.

It is further ordered that, if Plaintiff fails to file a fully complete application to proceed *in forma pauperis* by the deadline, the Court will recommend dismissing this case without prejudice.

It is further ordered that, by Tuesday, December 28, 2021, Plaintiff will file a notice with the Court indicating whether he: (1) wishes to pursue his § 1983 civil rights complaint (ECF No. 4-1) and strike his habeas related filings (ECF Nos. 6, 7, 8, 9, 10, 11) in this case; or (2) strike his § 1983 civil rights complaint (ECF No. 4-1) and pursue his habeas related filings in this case.

It is further ordered that, if Plaintiff fails to inform the Court whether he is pursuing his § 1983 civil rights complaint or habeas petition in this case, the Court will dismiss the entire case without prejudice because Plaintiff cannot pursue both actions simultaneously in the same case.

///

///

///

It is further ordered that the Clerk of the Court will send Plaintiff courtesy copies of (1) its previous order (ECF No. 3); (2) this Court's approved application to proceed *in forma pauperis* for prisoners; and (3) the docket sheet.

DATED:  December 8, 2021.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE