UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DEAN BALLARD,<br><br>                            Petitioner,<br>v.<br>STATE OF NEVADA, *et al*.,<br><br>                            Respondents. | Case No. 3:21-cv-00460-RCJ-WGC<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Daniel Dean Ballard's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 13) and for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders Petitioner to show cause in writing within 30 days as to why this action should not be dismissed without prejudice for failure to exhaust his claims in state court.

**Background**

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Daniel Ballard*, Case No. C-18-331667-1.[2] On February 19, 2020, the state court entered a judgment of conviction for battery by strangulation and malicious destruction of property. Petitioner represents that he was sentenced to 24 to 60 months. Petitioner did not file a direct appeal.

In April 2020, Petitioner filed a state petition for writ of habeas corpus. *Daniel Ballard v. Calvin Johnson*, Case No. A-20-814509-W.  The state court denied post-conviction relief.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Petitioner did not file a post-conviction appeal. On November 29, 2021, Petitioner filed his federal habeas corpus petition proceeding *pro se*. (ECF No. 6.) The Court instructed him to file a fully complete application to proceed *in forma pauperis* and he timely complied. (ECF Nos. 12, 13.)

## Discussion

### I.     IFP Application

Petitioner has requested permission to proceed *in forma pauperis* ("IFP"), meaning without paying the standard five dollar ($5.00) filing fee. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 fee is required to initiate a habeas action in a federal district court. The court may authorize a prisoner to begin a habeas action without paying the fee if he or she submits an IFP application on the approved form along with the appropriate supporting documentation: (1) a financial certificate signed by an authorized prison official, (2) a copy of the prisoner's trust account statement for the six-month period prior to filing, and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

The Court has considered Petitioner's IFP application along with the attached financial documents and concludes that he cannot pay the $5.00 filing fee. The IFP application (ECF No. 13) will therefore be granted. Petitioner's incomplete IFP application (ECF No. 4) is denied as moot.

### II.    Order to Show Cause

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, it appears likely that Ballard's petition is wholly unexhausted in state court and is subject to dismissal without prejudice. A state prisoner first must exhaust state court remedies on

a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). A properly exhausted claim " 'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Petitioner did not file a direct appeal. Although Petitioner filed a state habeas action, which the state court denied, he did not file a post-conviction appeal. Thus, it is virtually certain that he has not exhausted any federal constitutional claim relative to his judgment of conviction, and that this federal habeas corpus action is premature. Accordingly, Petitioner will be required to show cause why this action should not be dismissed because of his failure to exhaust any claim in state court.

**III.    § 1983 Complaint**

When he commenced this proceeding, Petitioner submitted both a civil rights complaint pursuant to 42 U.S.C. § 1983 and a petition for writ of habeas corpus. (ECF Nos. 4-1, 6.) The Court informed Petitioner that he could not pursue both types of claims in the same case. (ECF No. 12.) The Court instructed him to file a notice with the Court indicating which action he wishes

3

to pursue in this case. (*Id.*) Petitioner filed a notice indicating that he intends to proceed with his petition for writ of habeas corpus instead of his 42 U.S.C § 1983 complaint. (ECF No. 14.) The Court informed Petitioner that the Court will not file his § 1983 complaint in a separate action for him. (ECF No. 15.) The Court informed Petitioner that if he intended to initiate a § 1983 action, he may file his complaint and a fully complete application to proceed *in forma pauperis* to the Clerk of the Court.

It appears that Petitioner attempted to initiate a § 1983 action by filing his complaint and application to proceed *in forma pauperis*. (ECF Nos. 19, 20.) The Clerk of the Court, however, filed the documents in this action in error. Accordingly, the Clerk of the Court is directed to file Petitioner's application to proceed *in forma pauperis* (ECF No. 19) and his § 1983 complaint (ECF No. 20) in a new, separate case. The Clerk of the Court is further directed to strike ECF Nos. 19 and 20 from this action.

**IT IS THEREFORE ORDERED:**

1. Petitioner Daniel Dean Ballard's Application to Proceed *In Forma Pauperis* (ECF No. 13) is GRANTED.

2. Petitioner Daniel Dean Ballard's Application to Proceed *In Forma Pauperis* (ECF No. 4) is DENIED.

3. Petitioner must file within 45 days of the date of this order, a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed without prejudice based on his failure to exhaust his claims in Nevada Courts. Petitioner's response must be factually detailed, and, where possible, supported by exhibits.

4. If Petitioner fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further advance notice.

5. The Clerk of the Court is directed to file Petitioner's application to proceed *in forma*

///

///

*pauperis* (ECF No. 19) and his § 1983 complaint (ECF No. 20) in a new, separate case. The Clerk of the Court is further directed to strike ECF Nos. 19 and 20 from this action.

DATED this 2nd day of March 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE