UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DEAN BALLARD,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:21-cv-00460-RCJ-CSD<br><br>**ORDER** |

　　　This habeas matter is before the Court on *pro se* Petitioner Daniel Dean Ballard's failure to comply with the Court's prior order (ECF No. 28) and failure to comply with the Local Rules of Practice.

　　　In October 2021, he submitted an application to proceed *in forma pauperis* ("IFP") and a Notice of Motion. ECF Nos. 1, 1-1. The Court instructed him to submit a complaint. ECF No. 3. Ballard submitted both a civil rights complaint and a petition for writ of habeas corpus. ECF Nos. 4-1, 6. The Court instructed him to file a complete IFP application and indicate whether he wishes to pursue his civil rights complaint or pursue his habeas related filings. ECF No. 12. After he filed a notice indicating that he intended to proceed with his petition for writ of habeas corpus, the Court granted his IFP application and instructed Ballard to file a "Response to Order to Show Cause" in writing within 45 days showing cause why this action should not be dismissed without prejudice for failure to exhaust his claims in Nevada Courts. ECF No. 28. The Court warned that his failure to timely and fully comply with the order would result in a dismissal of this action without prejudice and without further advance notice. *Id.*

　　　However, Ballard did not comply with the order by filing a response to the order to show cause, and the 45-day deadline expired. To date, Ballard has not filed a response to the order to show cause, or taken any action to prosecute this case.

　　　In addition, the Local Rules of Practice require all parties, including habeas petitioners, to immediately file with the court written notice of any change of address. LR IA 3-1, LR 2-

2. The Local Rules also warn that failure to comply may result in dismissal of the action, with or without prejudice, or other sanctions as the court deems appropriate. *Id. See also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

The Court's order was served on Ballard and was returned as undeliverable with a notation indicating that Ballard is discharged. ECF No. 29. Ballard has not filed a notice of change of address. As Ballard has failed to comply with the Local Rules, it is therefore ordered that this action is dismissed without prejudice. Ballard's miscellaneous pending motions (ECF Nos. 7, 8, 9, 10, 11, 16, 17, 18, 21, 22, 23, and 24) are denied as moot.

**IT IS THEREFORE ORDERED:**

1. Petitioner Daniel Dean Ballard's Motions (ECF Nos. 7, 8, 9, 10, 11, 16, 17, 18, 21, 22, 23, 24) are denied as moot.

2. Petitioner Daniel Dean Ballard's Petition for Writ of Habeas Corpus (ECF No. 6) is dismissed without prejudice based on his failure to comply with the Court's order and his failure to comply with the Local Rules.

3. A certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

4. Under to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

5. The Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED this __12__ day of May 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

2